UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MADDILYN MARCUM, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 5:25-cv-00238-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COOKIE CREWS, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Intervene filed by the Commonwealth of Kentucky. [R. 7.] They seek to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a) or, alternatively, by permission pursuant to Rule 24(b). *Id*. For the reasons that follow, the Court will **GRANT** the Commonwealth's motion.

**I**

This case was originally filed on July 14, 2025. [R. 1.] The Plaintiff challenged the constitutionality of Kentucky's Public Funds Ban as it relates to the Plaintiff's ability to receive Hormone Replacement Therapy in prison. As relief, she seeks to permanently enjoin the Defendants from enforcing the Public Funds Ban as it relates to the Plaintiff and her proposed class, as well as a declaratory judgment finding the Public Funds Ban unconstitutional. *Id*. at 19. The Plaintiff has also filed a Motion for a TRO, Preliminary Injunction, and class certification. [R. 4; R. 7.] On July 16, 2025, this Court considered and ultimately denied the Plaintiff's request

for a TRO. [R. 5.] The Preliminary Injunction Motion and Class Certification Motion remain pending before this Court on an expedited briefing schedule.

On July 16, 2025, only two days after this case was filed, the Commonwealth of Kentucky filed their motion to intervene. [R. 7.] The Commonwealth "moves the Court to permit it to intervene in this action as a Defendant to defend this legislation against the Plaintiff's claims." *Id.* at 1. Per the Scheduling Conference, no party objects to the Commonwealth intervening in this action. This matter is now ripe for review.

## II

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention of right and permissive intervention. See Fed. R. Civ. P. 24(a)-(b). The Commonwealth argues that it is entitled to intervene under either subsection. [R. 7 at 2.] Because the Court finds that permissive intervention is warranted, it need only address the parties' arguments as to subsection (b). *See League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018) ("[T]he Congressmen claim they are entitled to both intervention of right and permissive intervention. Because the Congressmen are entitled to permissive intervention, we address only those arguments."). Pursuant to Rule 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court first addresses timeliness. When assessing timeliness, the Court considers five factors:

1) the point to which the suit has progressed; 2) the purpose for which

intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" *Id.* (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000)).

Ultimately, the Court finds that intervention is timely. The case has been pending for three days. No party has argued they would be prejudiced from intervention, nor does the Court find that any prejudice exists. The Attorney General, who is tasked with defending the laws of the Commonwealth against constitutional challenges, has a clear interest in defending against the Plaintiff's claims. *See* KRS § 15.020(3). On balance, these factors indicate that the Motion to Intervene is timely, and no unusual circumstances affect that balance.

Attorney General Coleman asserts that he is entitled to intervene under Rule 24(b)(1)(B), which allows intervention if the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Commonwealth "seeks to intervene as a Defendant specifically to address the constitutional challenge the Plaintiff raised in the complaint." [R. 7 at 6.] No party questions this assertion and the Court finds intervention to be proper. The Court will therefore permit Attorney General Coleman to intervene on behalf of the Commonwealth pursuant to Rule 24(b)(1)(B).

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Motion to Intervene **[R. 7]** is **GRANTED**;

(2) An expedited briefing schedule for the Preliminary Injunction is forthcoming; and

(3) The Commonwealth may file an answer or otherwise respond to the Plaintiff's complaint within 30 days of the entry of this order.

This the 18th day of July, 2025.

Gregory F. Van Tatenhove
United States District Judge