UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

*Electronically Filed*

| | |
|---|---|
| MADDILYN MARCUM, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 5:25-cv-00238-GFVT |
| COOKIE CREWS, ET AL. ) | |
| ) | |
| Defendants ) | |

**RESPONSE IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

Comes the Defendant, Appalachian Regional Healthcare, Inc. (hereinafter referred to as "ARH"), by counsel, and tenders the following for its Response in Opposition to Plaintiff's Motion for Class Certification.

**BACKGROUND**

In 2025, the Kentucky General Assembly enacted KRS § 197.280 which prohibits the use of public funds for, among other things, "prescribing or administering cross-sex hormones in amounts greater than would normally be produced endogenously in a healthy person of the same age and sex." KRS § 197.280(1)(a)(1). Due to the enactment of the law, Plaintiff Maddilyn Marcum ("Ms. Marcum") claims the Kentucky Department of Corrections ("DOC") issued a policy requiring gender-affirming hormone therapy to be tapered and eventually discontinued for inmates currently receiving this treatment. Ms. Marcum further asserts, without any supporting

1

evidence in the record, that there are currently sixty-seven (67) other inmates that are situated similarly to her and negatively affected by the enactment of KRS § 197.280.[1]

More specifically, Ms. Marcum's suit alleges a violation of her Eighth Amendment rights and additionally moves for class certification to bring claims on behalf of all inmates in DOC custody that have been diagnosed with Gender Dysphoria and receive, or would receive, gender-affirming hormone therapy treatment. However, for the reasons established below, her Motion for Class Certification should be denied. First, the number of potential class members is not so numerous as to render joinder impracticable. Further, commonality of claims is non-existent because the claims at issue among the putative class members would require an individualized assessment of each proposed class member's specific medical needs. Finally, Ms. Marcum's claims are not typical of the class, nor does she adequately represent the class. Accordingly, Ms. Marcum's claims, and those of the putative class members, fail to satisfy the factors supporting class certification.

## **LEGAL STANDARD**

At the outset for the Court to certify a class action, the proposed class must meet the following threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *In re American Medical Sys., Inc*., 75 F.3d 1069, 1079 (6th Cir. 1996). If each prerequisite set forth in Rule 23(a) is established, the plaintiffs must also demonstrate that the class may be maintained under one of the three theories available under Rule 23(b). *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig*.), 722 F.3d 838, 85 1 (6th Cir. 2013), *cert. denied,* 571 U.S. 1196 (2014). Here, Ms. Marcum advances a theory

---

[1] In her Declaration, Ms. Marcum states that "according to media reports" there are 67 incarcerated individuals receiving hormone treatment for Gender Dysphoria. *See* Record No. 4-2 at ¶ 15. However, Ms. Marcum failed to attach any of the alleged "media reports" to support her assertion.

2

under Rule 23(b)(2), which requires that "the party opposing the class [must have] acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002) (quoting Fed. R. Civ. P. 23(b)(2)).

The plaintiff bears the burden of establishing that class certification is proper. *In re American Medical Sys., Inc.*, 75 F.3d at 1079. A class action may not be approved simply "by virtue of its designation as such in the pleadings," nor may a prospective class representative simply rely upon "mere repetition of the language of Rule 23(a)" to support its motion. *Id*. The court must engage in a "rigorous analysis" to determine whether all the prerequisites of Rule 23(a) are satisfied. *General Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982).

## ARGUMENT

### I.      Ms. Marcum cannot satisfy the Rule 23(a) prerequisites

Rule 23(a) states:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

All four prerequisites must be met before a class may be certified. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011); Fed. R. Civ. P. 23(a). None of the four requirements for granting Ms. Marcum's Motion are present in this case.

### a.   The proposed class is not so numerous as to render joinder impracticable

To satisfy numerosity, "impracticability of joinder must be positively shown, and cannot be speculative." *Golden v. City of Columbus,* 404 F.3d 950, 966 (6th Cir. 2005). "Several factors

3

4920-9646-5497.v3

Case: 5:25-cv-00238-GFVT  Doc #: 22  Filed: 07/30/25  Page: 4 of 10 - Page ID#: 334

determine the practicability of joinder including, but not limited to, the size of the class, the ease of identifying its members and ascertaining their addresses, the facility of making service on them if joined, and their geographic dispersion." *Jaynes v. United States* 69 Fed. Cl. 450, 454 (Ct. Cl. 2006) (citing *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986)). "Joinder is considered more practicable when all members of the class are from the same geographic area." *Id.* (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131-32 (1st Cir. 1985). Additionally, joinder is more practicable when class members are easily identifiable. *Id.*; *Adams v. Fed. Materials Co.*, 2006 U.S. Dist. LEXIS 92539 (W.D. Ky. 2006) ("Joinder may be considered more practicable where all members of the class are from the same geographic area.")

There is no specific number that renders a proposed class sufficiently numerous, but courts have held classes between 50-200 are not so numerous as to render joinder impracticable, especially if the proposed members are geographically concentrated and easily identifiable. *See, e.g., Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006) (finding that a proposed class of 84 individuals was not so numerous as to render joinder impracticable); *Voorhees v. Cortona Ptnrs*, No. 2022-CA-0942-ME, 2022 Ky. App. Unpub. LEXIS 744, at *3 (Ct. App. Dec. 22, 2022) (trial court currently found that joinder of 124 individual plaintiffs was not impracticable because of the ease to identify and locate each); *see also Sanft v. Winnebago Indus.*, 214 F.R.D. 514, 526 (N.D. Iowa 2003) (joinder was not impracticable for a proposed class of 51 members because the proposed members were geographically concentrated mostly in northern Iowa and could be individually identified); *Hum v. Dericks*, 162 F.R.D. 628, 634 (D. Haw. 1995) (declining to certify 200-member class because class members were located in the same state and easily identifiable).

Here, Ms. Marcum claims there are currently sixty-seven (67) inmates receiving treatment for Gender Dysphoria. Assuming her assertion to be true, joinder here is practicable because all of

4

4920-9646-5497.v3

the inmates are in the same geographic region – namely Kentucky and are being held in Kentucky state penitentiaries. Additionally, all are easily identifiable based on records maintained by the DOC, and any future class members would also be easily identifiable and located in the same geographic region. Accordingly, the proposed class is not so numerous as to render joinder impracticable.

    b. **Commonality and Typicality**

To demonstrate commonality, Ms. Marcum's claims must be based on a common contention that is "of such a nature that it is capable of class wide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). "'[T]he commonality requirement will not be met . . . if each class members' claim would necessitate an individualized determination of liability." *Schilling v. Kenton County*, No. 10-143-DLB, 2011 U.S. Dist. LEXIS 8050 (E.D. Ky. Jan. 27, 2011) (citing 5 James Wm. Moore, Moore's Federal Practice § 23.23 [2]).

To establish typicality, a plaintiff must show "'(1) that their interests are squarely aligned with the interests of the class members and (2) that their claims arise from the same events and are premised on the same legal theories as the claims of the class members.'" *Baxley v. Jividen*, 338 F.R.D. 80, 88 (S.D.W. Va. 2020) (citation omitted). "The fact that the named plaintiffs have the same general complaint against the defendant does not render their claims typical." *Waters v. Electrolux Home Products, Inc.*, No. 5:13-cv-151, 2016 WL 3926431, at *5 (N.D.W. Va. July 18, 2016) (internal quotations and citation omitted). "[T]he typicality requirement is not satisfied when a plaintiff can prove his own claim but not necessarily have proved anybody's else's claim." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007).

The "commonality" and "typicality" requirements of Rule 23(a) "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart Stores, Inc.*, 564 U.S. 338 at n.5.  The two provisions "tend to merge." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).

Although Ms. Marcum asserts that she and the other proposed members are entitled to class-wide injunctive relief compelling the Defendants to provide class members with gender-affirming hormone treatments, the Court cannot resolve this claim on a class-wide basis. Ms. Marcum's Eighth Amendment claim depends on the Court finding that Defendants acted with "deliberate indifference to [her] serious medical needs." *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). That subjective standard is notoriously fact- and inmate-specific.  Because of the fact-specific nature of the inquiry, Ms. Marcum's claim is not typical of the class and commonality cannot be established.  Merely because the statute applies to all inmates, does not mean commonality is met. Prison officials applying a state law equally to all does not mean that all inmates who are impacted by the law have suffered an Eighth Amendment injury.

Whether any medication or accommodation must be provided to an inmate to address a serious medical need is an individualized determination by a medical provider that turns on the inmates' specific circumstances. *Heather v. Ochsner Fertility Clinic*, 102 So. 3d 913, 921 (La. Ct. App. 2012) ("In this case, in order to determine causation, the trial court will have to come to an individualized understanding of each patient's health, medical history, records, and other variables. Therefore, questions that are patient-specific and individual to each class member will predominate over any questions that are common to the subclass as a whole."). Because those circumstances

6

differ from inmate to inmate, the claims of putative class members are not susceptible to resolution on a class-wide basis. *Kress v. CCA of Tennessee, LLC*, 694 F.3d 890, 893 (7th Cir. 2012) (affirming district court decision denying class certification because "[c]laims of inadequate medical care by their nature require individual determinations, as the level of medical care required to comport with constitutional and statutory standards will vary depending on each inmate's circumstances").

In other words, the proposed class—and any class that could be drawn—is going to require individual inquiries into whether each class member's presumed[2] desire for hormone replacement therapy is necessary given their unique medical conditions or if there are alternative treatments available. Without that inquiry, Ms. Marcum cannot demonstrate that all class members have suffered the "same injury." *See Dukes*, 564 U.S. at 349-50. Accordingly, the elements of commonality and typicality are not met.

   c. **Adequacy**

Finally, the Court must "measure the adequacy of the class members' representation based upon two factors: '1) the representatives must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Greenberg v. Procter & Gamble Co. (In re Dry Max Pampers Litig.),* 724 F.3d 713, 721 (6th Cir. 2013) (quoting *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013)). Class representatives are generally adequate if the representatives are "part of the class and possess the same interest and suffer the same injury as the class members." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

---

2    Notably, Ms. Marcum presents no evidence establishing that each member of her putative class desires – as she does – to continue with gender-affirming hormone treatment. Similarly, she fails to present any evidence that there are no other available alternative treatments that will Constitutionally satisfy her putative class members' individual medical needs.

7

Here, Ms. Marcum's individual medical history and any necessary care to address her serious medical needs are unlikely to be identical or typical to that of the putative class members. Because her claims are not typical she is an inadequate class representative.

Accordingly, Ms. Marcum has not satisfied any of the Rule 23(a) prerequisites, and her motion should be denied.

## II. Rule 23(b)

Ms. Marcum also seeks to certify the class under Rule 23(b)(2) which states that "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id*. A class is cohesive where "the case will not depend on adjudication of facts particular to any subset of the class nor require a remedy that differentiates materially among class members." *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 580 (7th Cir. 2000).

Ms. Marcum argues that the requirements of Rule 23(b)(2) are met because the Defendants have acted, or will act, on grounds generally applicable to the class by reducing, terminating, or withholding HRT treatment" pursuant to KRS § 197.280. However, whether any Eighth Amendment violation occurred will necessarily turn on an individualized inquiry into the medical circumstances of each putative class member. Based on the fact-bound nature of the inquiry under

8

the deliberate indifference standard, the Defendants' conduct could not be found to violate the Eighth Amendment "as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 36.

## CONCLUSION

Based on the foregoing, Ms. Marcum's Motion for Class Certification should be denied.

Respectfully submitted,

*/s/ M. Jane Brannon*
Stephen Burchett
K. Brad Oakley
M. Jane Brannon
Jennifer Horan
JACKSON KELLY PLLC
100 West Main Street, Suite 700
P O Box 2150
Lexington, KY  40588-2150
(859) 255-9500
*Counsel for Defendant,*
*Appalachian Regional Healthcare, Inc.*

9

## CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| William E. Sharp<br>Corey M. Shapiro<br>ACLU of Kentucky Foundation<br>325 W. Main Street, Suite 2210<br>Louisville, KY  40202<br>wsharp@aclu-ky.org<br>corey@aclu-ky.org<br>*Counsel for Plaintiff,*<br>*Maddilyn Marcum* | Allison R. Brown<br>Angela T. Dunham<br>KY Department of Corrections<br>General Counsel<br>P O Box 2400<br>Frankfort, KY  40602-2400<br>allison.brown@ky.gov<br>angela.dunham@ky.gov<br>*Counsel for Defendants.*<br>*Cookie Crews and Denise Burkett* |
| Justin D. Clark<br>Victor B. Maddox<br>Aaron J. Silletto<br>Lindsey R. Keiser<br>Office of the Attorney General<br>700 Capital Avenue, Suite 188<br>Frankfort, KY  40601<br>Justind.Clark@ky.gov<br>Victor.Maddox@ky.gov<br>Aaron.Silletto@ky.gov<br>Lindsey.Keiser@ky.gov<br>*Counsel for Intervening Defendant,*<br>*Commonwealth of Kentucky ex rel.*<br>*Attorney General Russell Coleman* | |

                                          */s/ M. Jane Brannon*
                                          *Counsel for Defendant,*
                                          *Appalachian Regional Healthcare, Inc.*

4920-9646-5497.v3