UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

*Electronically filed*

| | |
|---|---|
| MADDILYN MARCUM, *Plaintiff* v. COOKIE CREWS, in her official capacity as Commissioner of the Kentucky Department of Corrections, *et al.* *Defendants* and COMMONWEALTH OF KENTUCKY, *ex rel.* Attorney General Russell Coleman *Intervening Defendant* | Civil Action No. 5:25-cv-00238-GFVT |

**COMMONWEALTH OF KENTUCKY'S ANSWER
TO PLAINTIFF'S COMPLAINT**

The Intervening Defendant, Commonwealth of Kentucky, *ex rel.* Attorney General Russell Coleman, answers the Plaintiff's complaint (Doc. 1) as follows:

1. In response to paragraph 1 of the Plaintiff's complaint, the Commonwealth states that the statute at issue, Ky. Rev. Stat. § 197.280, speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth denies that Ky. Rev. Stat. § 197.280 is unconstitutional in any respect. The Commonwealth admits, based on information and belief, that the

1

Plaintiff is a male who claims to self-identify as a member of the opposite sex. However, the Commonwealth is without sufficient information to admit or deny the averment that the Plaintiff has gender dysphoria and therefore specifically denies that allegation. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 1 of the Plaintiff's complaint and therefore denies them.

2. The Commonwealth admits the averments in paragraph 2 of the Plaintiff's complaint.

3. The Commonwealth admits the averments in paragraph 3 of the Plaintiff's complaint.

4. In response to paragraph 4 of the Plaintiff's complaint, the Commonwealth denies that this action is appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 4 of the Plaintiff's complaint and therefore denies them.

5. The Commonwealth denies the averments in paragraph 5 of the Plaintiff's complaint.

6. In response to paragraph 6 of the Plaintiff's complaint, the Commonwealth denies that the members of the putative class are so numerous that joinder of all members is impracticable. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 6 of the Plaintiff's complaint and therefore denies them.

7. In response to paragraph 7 of the Plaintiff's complaint, the Commonwealth denies that there are questions of law or fact common to the putative class. The Commonwealth denies that reducing, terminating, or withholding cross-sex hormones violates the Eighth or Fourteenth Amendments. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 7 of the Plaintiff's complaint and therefore denies them.

8. In response to paragraph 8 of the Plaintiff's complaint, the Commonwealth denies that the Plaintiff's claims are typical of those of the putative class. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 8 of the Plaintiff's complaint and therefore denies them.

9. In response to paragraph 9 of the Plaintiff's complaint, the Commonwealth denies that the Plaintiff is an adequate representative of the putative class. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 9 of the Plaintiff's complaint and therefore denies them.

10. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 10 of the Plaintiff's complaint and therefore denies them.

11. In response to paragraph 11 of the Plaintiff's complaint, the Commonwealth denies that the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are satisfied in this action, and denies that final injunctive and declaratory relief are appropriate here. The Commonwealth is without sufficient

information to admit or deny the remainder of the averments in paragraph 11 of the Plaintiff's complaint and therefore denies them.

12. In response to paragraph 12 of the Plaintiff's complaint, upon information and belief, the Commonwealth admits that the Plaintiff is an adult citizen of Kentucky who currently resides in Boyle County. The Commonwealth states that the Plaintiff is serving a 40-year prison sentence, but denies that the Plaintiff is serving a determinate prison sentence. *See* Ky. Rev. Stat. § 439.3401(4) (allowing a violent offender who is sentenced to a term of years to be paroled after serving 85% of his or her sentence). The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 12 of the Plaintiff's complaint and therefore denies them.

13. In response to paragraph 13 of the Plaintiff's complaint, the Commonwealth admits that Defendant Cookie Crews, in her official capacity, is the Commissioner of the Kentucky Department of Corrections. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 13 of the Plaintiff's complaint and therefore denies them.

14. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 14 of the Plaintiff's complaint and therefore denies them.

15. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 15 of the Plaintiff's complaint and therefore denies them.

16. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 16 of the Plaintiff's complaint and therefore denies them.

17. In response to paragraph 17 of the Plaintiff's complaint, the Commonwealth states that a person's sex is not "designated at birth," but rather, is an immutable biological reality. The Commonwealth admits that persons with certain mental disorders may self-identify as a member of the opposite sex. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 17 of the Plaintiff's complaint and therefore denies them.

18. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 18 of the Plaintiff's complaint and therefore denies them.

19. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 19 of the Plaintiff's complaint and therefore denies them.

20. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 20 of the Plaintiff's complaint and therefore denies them.

21. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 21 of the Plaintiff's complaint and therefore denies them.

22. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 22 of the Plaintiff's complaint and therefore denies them.

23. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 23 of the Plaintiff's complaint and therefore denies them.

24. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 24 of the Plaintiff's complaint and therefore denies them.

25. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 25 of the Plaintiff's complaint and therefore denies them.

26. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 26 of the Plaintiff's complaint and therefore denies them.

27. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 27 of the Plaintiff's complaint and therefore denies them.

28. The Commonwealth admits the averments in paragraph 28 of the Plaintiff's complaint.

29. The Commonwealth admits the averments in paragraph 29 of the Plaintiff's complaint.

30. In response to paragraph 30 of the Plaintiff's complaint, the Commonwealth admits that 2025 Senate Bill 2 is codified as Ky. Rev. Stat. § 197.280. The Commonwealth further states that Ky. Rev. Stat. § 197.280 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 30 of the Plaintiff's complaint and therefore denies them.

31. In response to paragraph 31 of the Plaintiff's complaint, the Commonwealth states that Ky. Rev. Stat. § 197.280 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text.

32. In response to paragraph 32 of the Plaintiff's complaint, the Commonwealth states that Ky. Rev. Stat. § 197.280 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text.

33. Paragraph 33 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the assertions of the paragraph.

34. The Commonwealth denies the averments in paragraph 34 of the Plaintiff's complaint.

35. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 35 of the Plaintiff's complaint and therefore denies them.

36. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 36 of the Plaintiff's complaint and therefore denies them.

37. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 37 of the Plaintiff's complaint and therefore denies them.

38. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 38 of the Plaintiff's complaint and therefore denies them.

39. In response to paragraph 39, the Commonwealth admits that 2025 Senate Bill 2 went into effect on June 27, 2025. The Commonwealth is without sufficient information to admit or deny the remainder of the averments in paragraph 39 of the Plaintiff's complaint and therefore denies them.

40. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 40 of the Plaintiff's complaint and therefore denies them.

41. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 41 of the Plaintiff's complaint and therefore denies them.

42. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 42 of the Plaintiff's complaint and therefore denies them.

43. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 43 of the Plaintiff's complaint and therefore denies them.

44. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 44 of the Plaintiff's complaint and therefore denies them.

45. In response to paragraph 45 of the Plaintiff's complaint, the Commonwealth denies that cross-sex hormones are a necessary treatment for gender dysphoria. The Commonwealth is otherwise without sufficient information to admit or deny the averments in paragraph 45 of the Plaintiff's complaint and therefore denies them.

46. In response to paragraph 46 of the Plaintiff's complaint, the Commonwealth denies that cross-sex hormones are a necessary treatment for gender dysphoria. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 46 of the Plaintiff's complaint and therefore denies them.

47. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 47 of the Plaintiff's complaint and therefore denies them.

48. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 48 of the Plaintiff's complaint and therefore denies them.

49. The Commonwealth denies the averments in paragraph 49 of the Plaintiff's complaint.

50. The Commonwealth denies the averments in paragraph 50 of the Plaintiff's complaint.

51. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 50 of the Plaintiff's complaint and therefore denies them.

52. In response to paragraph 52 of the Plaintiff's complaint, the Commonwealth incorporates the preceding defenses, denials, and averments herein by reference as if set forth herein in their entirety.

53. Paragraph 53 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 53.

54. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 54 of the Plaintiff's complaint and therefore denies them.

55. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 55 of the Plaintiff's complaint and therefore denies them.

56. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 56 of the Plaintiff's complaint and therefore denies them.

57. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 57 of the Plaintiff's complaint and therefore denies them.

58. In response to paragraph 58, the Commonwealth states that the text of the statute speaks for itself and denies any construction or interpretation that is inconsistent with its text.

59. Paragraph 59 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 59. As to the knowledge of Defendants Crews and Burkett, the Commonwealth is without sufficient information to admit or deny the averments in the paragraph, so the Commonwealth denies them.

60. Paragraph 60 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 60.

61. Paragraph 61 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 61.

62. Paragraph 62 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 62.

63. In response to paragraph 63 of the Plaintiff's complaint, the Commonwealth incorporates the preceding defenses, denials, and averments herein by reference as if set forth herein in their entirety.

64. Paragraph 64 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 64.

65. Paragraph 65 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 65.

66. Paragraph 66 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 66.

67. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 67 of the Plaintiff's complaint and therefore denies them.

68. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 68 of the Plaintiff's complaint and therefore denies them.

69. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 69 of the Plaintiff's complaint and therefore denies them.

70. Paragraph 70 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 70.

71. Paragraph 71 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 71.

72. Paragraph 72 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 72.

73. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 73 of the Plaintiff's complaint and therefore denies them.

74. In response to paragraph 74 of the Plaintiff's complaint, the Commonwealth incorporates the preceding defenses, denials, and averments herein by reference as if set forth herein in their entirety.

75. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 75 of the Plaintiff's complaint and therefore denies them.

76. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 76 of the Plaintiff's complaint and therefore denies them.

77. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 77 of the Plaintiff's complaint and therefore denies them.

78. Paragraph 78 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 78 and states that the text of Ky Rev. Stat. § 197.280 speaks for itself and denies any construction or interpretation that is inconsistent with its text.

79. Paragraph 79 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 79.

80. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 80 of the Plaintiff's complaint and therefore denies them.

81. Paragraph 81 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 81.

82. Paragraph 82 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 82.

83. Paragraph 83 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 83.

84. Paragraph 84 of the Plaintiff's complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments in paragraph 84.

**AFFIRMATIVE DEFENSES**

85. The Commonwealth denies any averments set forth in the Plaintiff's complaint not specifically mentioned or admitted above.

86. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

87. The Plaintiff lacks standing to bring this action.

88. The Plaintiff's complaint fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

89. Ky. Rev. Stat. § 197.280 does not violate any provision of the U.S. Constitution, including, but not limited to, the Eighth and Fourteenth Amendments.

90. Ky. Rev. Stat. § 197.280 is a lawful exercise of the General Assembly's legislative power under Section 29 of the Kentucky Constitution.

91. The Commonwealth pleads all applicable affirmative defenses allowed under Rule 8 of the Federal Rules of Civil Procedure, including, but not limited to, estoppel, laches, release, res judicata, statute of limitations, waiver, and consent.

92. The Commonwealth reserves the right to amend this answer to assert or raise additional affirmative defenses and to assert any third-party complaints, counterclaims, or cross-claims, as necessary, after discovery and an investigation into the facts and circumstances of this case.

WHEREFORE, the Commonwealth demands:

1. That the Plaintiff's complaint be dismissed with prejudice;
2. That no class be certified under Rule 23 of the Federal Rules of Civil Procedure;
3. That the Plaintiff be denied any and all injunctive relief;
4. A declaration that Ky. Rev. Stat. § 197.280 is constitutional;
5. A judgment in favor of the Commonwealth;
6. The costs herein expended; and
7. Any and all other relief to which the Commonwealth appears entitled.

Respectfully submitted,

**Russell Coleman**
**ATTORNEY GENERAL**

/s/ Lindsey R. Keiser
Justin D. Clark (KBA No. 89313)
Victor B. Maddox (KBA No. 43095)
Aaron J. Silletto (KBA No. 89305)
Lindsey R. Keiser (KBA No. 99557)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
JustinD.Clark@ky.gov
Victor.Maddox@ky.gov
Aaron.Silletto@ky.gov
Lindsey.Keiser@ky.gov

*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Russell Coleman*

## CERTIFICATE OF SERVICE

I certify that on August 18, 2025, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Lindsey R. Keiser
*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Russell Coleman*