UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MADDILYN MARCUM, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:25-cv-000238-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| COMMISSIONER COOKIE CREWS, ) | **&** |
| *et al.*, ) | **ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Plaintiff's Emergency Motion for an Injunction Pending Appeal. [R. 62.] For the reasons that follow, the motion will be **DENIED**.

**I**

The Plaintiff in this matter is an inmate in state court requesting that this Court find KRS § 197.280(2) and (3) (the "Public Funds Ban") unconstitutional in violation of the Eighth Amendment. [R. 1.] The Court denied the Plaintiff's Motion for Preliminary Injunction enjoining the enforcement of the Public Funds Ban. [R. 59.] The Court found that the Plaintiff is unlikely to be successful on any of the preliminary injunction factors. *Id.* Specifically, the Court found that the record is simply too underdeveloped at this juncture to warrant the extraordinary step of judicial intervention preventing the enforcement of a duly enacted state statute. *Id.*

The Plaintiff disagrees. Plaintiff Marcum has also filed a Notice of Appeal [R. 61] and is now seeking an emergency injunction pending appeal. [R. 62.] This motion essentially relitigates the parties' original arguments and claims that the Plaintiff is entitled to an injunction,

which this Court already denied, while the appeal of that denial is pending. *Id.*

**II**

The Federal Rules of Civil Procedure give district courts the power to grant an injunction pending appeal: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The court must consider the same factors that are traditionally considered when determining whether to grant a preliminary injunction. *Ramsek v. Beshear*, Civil No. 3:20-cv-00036-GFVT, 2020 U.S. Dist. LEXIS 254912 at *2-3 (E.D. Ky. Aug. 6, 2020) (citing *Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). These factors are: 1) the likelihood that the party seeking the injunction will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent an injunction; 3) the prospect that others will be harmed if the court grants the injunction; and 4) the public interest in granting the injunction. *Id*. at 3 (citation omitted).

Here, the Plaintiff reincorporates the arguments set forth in prior briefing but also makes clear the Plaintiff's disagreeance with the Court's reasoning in its Opinion and Order denying temporary relief. [R. 62 at 3.] The Plaintiff's primary disagreements are with the Court's finding that the Plaintiff is unlikely to be successful on the merits and that there is no irreparable harm. *Id.* at 3-10. In its Opinion and Order, the Court found that the Plaintiff failed to establish either the objective or the subjective prong required for a successful Eighth Amendment Claim. [R. 59 at 8-17.] The Plaintiff continues to argue that there has been the requisite showing of a formal Gender Dysphoria diagnosis and that the evidence establishes a conscious disregard of

2

the Plaintiff's medical need. *Id*. at 5-6. Despite this argument, there has not been any intervening change in law or fact that would alter the outcome of the Court's position.

As an initial matter, and with respect to the objective prong, the Plaintiff misstates the Court's conclusion. The Court noted that there is no binding case stating that Gender Dysphoria is a serious medical need. [R. 59 at 9.] The Plaintiff took this to mean that the Court finds that Gender Dysphoria is not a serious medical need. [R. 62 at 3.] The Court, however, need not reach that determination because the Plaintiff failed to meet the objective prong for a different reason. The Plaintiff failed to meet the objective prong because the record is insufficient to support the contention that the Plaintiff was formally diagnosed with Gender Dysphoria, and the Plaintiff's Motion does little, if anything, to change this conclusion. *Id.*

Second, the Court stands by the conclusion that even if the Plaintiff made a sufficient showing of the diagnosis, the Plaintiff still fails on the deliberate indifference prong. Again, the Plaintiff offers no additional arguments or evidence to support a different conclusion. The Court previously concluded that credible dueling experts offering different recommended courses of treatment indicate that this is an unsettled area of medicine. [R. 59 at 16.] Despite this conclusion, the Plaintiff cites cases where medical treatment was denied or delayed. [R. 62 at 7.] As was stated at the Preliminary Injunction hearing and in the record, there exists other treatments for Gender Dysphoria. [R. 59 at 11-12.] Just because the Plaintiff prefers a specific treatment, does not mean the Plaintiff is constitutionally entitled to said treatment.

Last, the Plaintiff takes issue with the Court's finding that there is no irreparable harm. Once again, the Court's findings are predicted on an underdeveloped record. While the Court is certainly not requiring the Plaintiff to experience adverse side effects before finding an irreparable injury, there exists other treatments for the Plaintiff's Gender Dysphoria, such as

social transitioning, talk therapy, depression medication, *inter alia*, that are available to the Plaintiff while this case works its way through the court system.

All-in-all, the Court still finds that the Plaintiff has failed to meet the Preliminary Injunction factors. The Plaintiff can still receive a variety of treatments for Gender Dysphoria as this case progresses through the court system. Admittedly, the available treatments may not be the Plaintiff's preferred treatment, but whether the Plaintiff is constitutionally entitled to receive HRT is a question better reserved for a full factual record. Thus, the Court finds no reason to essentially reverse its previous disposition in denying temporary relief.

### III

The standard for an injunction pending appeal requires the Court to re-engage with the analysis that it recently undertook when denying the Plaintiff's request for a preliminary injunction. This Court issued a decision finding that the Plaintiff did not demonstrate a likelihood of success on the merits sufficient to entitle the Plaintiff to a preliminary injunction. [R. 59.] The Commonwealth of Kentucky has filed a Notice of its intention to respond to the Plaintiff's Emergency Motion for Injunction Pending Appeal but not until September 25, 2025. [R. 63.] However, the Plaintiff has not raised any additional arguments beyond those that were raised in the Plaintiff's request for a preliminary injunction, and the Court is well acquainted with the Commonwealth's response to these arguments. Furthermore, given the nature of relief requested, the Court finds that the need for a prompt decision weighs in favor of issuing a decision rather than waiting for the Commonwealth's response. For the reasons stated here, the Plaintiff has failed to show why the Court should depart from its previous decision. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Plaintiff's Emergency Motion for an Injunction Pending Appeal [**R. 62**] is **DENIED**.

This the 19th day of September 2025.

Gregory F. Van Tatenhove
United States District Judge