UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

MADDILYN MARCUM, on behalf of herself and all others similarly situated,

Plaintiff

v.

COOKIE CREWS, in her official capacity as Commissioner of the Ky. Department of Corrections; DENISE BURKETT, in her official capacity as Director of Ky. Dept. of Corrections' Division of Medical Services; and APPALACHIAN REGIONAL HEALTHCARE, INC.,

Defendants

*and*

COMMONWEALTH OF KENTUCKY, ex rel. Attorney General Russell Coleman,

Intervening Defendant

Case No. 5:25-cv-00238-GFVT

***Electronically filed***

**AGREED PROTECTIVE ORDER**

Based on the agreement of the parties, and there appearing good cause of the entry thereof, this Court enters the following Protective Order:

**IT IS HEREBY ORDERED** that:

Certain medical records of Plaintiff have already been produced in this litigation, and the disclosure and use of those records are subject to this Court's previous Order. [RE 35.] Additional medical records of Plaintiff, which also contain "Protected Health Information" ("PHI") as that term is defined by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), will be produced as discovery in this action, by

subpoena or otherwise, and those documents **SHALL** be subject to the following restrictions on their production, dissemination, and use:

A. The medical records and PHI subject to this Order may be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

i. The parties and counsel for the respective parties to this litigation and their employees, assistants, and agents, as well as any experts retained in this matter;

ii. The Court and officers of the Court, including appellate Court[s] and their officers if necessary;

iii. Court reporters retained by counsel;

iv. Any "technical advisor," meaning any independent experts, consultants, and/or advisors employed by or retained by counsel for the parties, including but not limited to proposed expert witnesses, with whom counsel deems it necessary to consult concerning investigative, technical, financial, or other aspects of this case;

v. Fact witnesses whose testimony may be needed in the course of this litigation;

vi. Any other individual or entity agreed upon in advance in writing by the parties; and

vii. Any other individual or entity ordered by the Court.

B. The medical records and PHI subject to this Order **SHALL** be used solely and exclusively for the purpose of this specific litigation and for no other purpose, and medical documents shall not be disclosed or disseminated to any person, organization, business, governmental body, or administrative agency, except as this Order allows, unless ordered by the Court.

C. The medical records and PHI subject to this Order may be filed under seal with good cause and with leave of court in accordance with LR 5.6. Any party who publicly files any medical record or PHI subject to this Order is subject to the relevant ethical and legal restrictions on doing so, including but not limited to: Fed. R. Civ. P. 5.2.

D. This Order shall bind the parties, their attorneys, and other persons on the attorney's staff, and their agents, who have access to Plaintiff's medical records and PHI by virtue of their job duties.

E. Return or Destruction: Within 30 days of the conclusion of this litigation, unless otherwise ordered by this Court, Intervening Defendant (and/or other party) **SHALL** return, or confirm the destruction of, the medical records and PHI subject to this Order to Plaintiff's counsel, except for what was filed with the Court. Nothing in this paragraph shall be construed as requiring the Court to return, destroy, or otherwise take action with respect to documents in the Court's possession.

F. Compliance with this Order is intended to constitute compliance with HIPAA and its regulations regarding the disclosure of Protected Health Information. 45 C.F.R. § 164.512(e)(1)(i).

G. This Order does not waive any applicable privileges or objections unrelated to the purported Confidential nature of a document that might otherwise be interposed during the course of discovery in this Litigation.

H. The parties agree to be bound by the terms of this Order pending entry by the Court, and any violation of its terms shall be subject to the same penalties and sanctions as if this Order had been entered by the Court.

I. Once the Court enters this Order, the Order will remain in full force and effect until modified, superseded, or terminated by further order of this Court and will survive the dismissal, discontinuation, or termination of this action. This Order may be modified only by written agreement by the parties or by Order of the Court. Nothing in this Order shall be deemed to preclude any party from seeking a modification of this Order.

HAVE SEEN AND AGREED:

/s William E. Sharp
William E. Sharp
Corey M. Shapiro
ACLU OF KENTUCKY FOUNDATION
325 W. Main Street, Suite 2210
Louisville, Kentucky 40202
(502) 581-9746 ext. 218
wsharp@aclu-ky.org
corey@aclu-ky.org
*Counsel for Plaintiff*

/s Aaron J. Silletto
Aaron J. Silletto
Justin D. Clark
Victor B. Maddox
Lindsey R. Keiser
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Aaron.silletto@ky.gov
Justind.clark@ky.gov
Victor.maddox@ky.gov
Lindsey.keiser@ky.gov
*Counsel for Intervening Defendant Commonwealth of Kentucky ex rel. Attorney General Coleman*

/s Angela T. Dunham
Angela T. Dunham
Allison R. Brown
Justice & Public Safety Cabinet
Office of Legal Services
125 Holmes Street, 2nd Floor
Frankfort, Kentucky 40601
Angela.dunham@ky.gov
Allison.brown@ky.gov
*Counsel for Defendants Crews and Burkett*

/s Stephen S. Burchett
Stephen S. Burchett
K. Brad Oakley
M. Jane Brannon
Jennifer Horan
JACKSON KELLY PLLC
100 West Main Street, Suite 700
P.O. Box 2150
Lexington, Kentucky 40588-2150
Stephen.burchett@jacksonkelly.com
kboakley@jacksonkelly.com
mjbrannon@jacksonkelly.com
Jennifer.horan@jacksonkelly.com
*Counsel for Defendant ARH*