UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MADDILYN MARCUM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COOKIE CREWS, *et al.*, ) <br> ) <br> Defendants. ) | Civil No. 5:25-cv-00238-GFVT <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Plaintiffs' Motion to Dismiss Defendant Appalachian Regional Healthcare (ARH). [R. 74.] Plaintiff Marcum filed this action against ARH, among other Defendants, on July 14, 2025. [R. 1.] ARH moved to dismiss all claims against it on August 4, 2025, on the grounds that Plaintiff had failed to state a claim upon which relief could be granted. [R. 37.] Essentially, ARH claimed that Plaintiff failed to plead a casual link between a policy or custom of ARH that caused a deprivation of Plaintiff's constitutional rights. [R. 37-1 at 5.] Plaintiff initially opposed ARH's motion to dismiss. [R. 58.] However, in early September, counsel for ARH notified counsel for Plaintiff that ARH intended to terminate the contract that formed the basis for Plaintiff's claim against ARH. [*See* R. 65-2.] Then, on October 15, 2025, counsel for ARH communicated to counsel for Plaintiff that the contract had in fact been terminated. [R. 74 at 2.] Subsequently, Plaintiff filed this unopposed motion to dismiss the claims brought against ARH. [R. 74.]

Plaintiff correctly brings this motion pursuant to Federal Rule of Civil Procedure 21, instead of as a voluntary dismissal under Federal Rule of Civil Procedure 41. Rule 21 provides that a court may "at any time, on just terms, add or drop a party." Fed. R. Civ. Proc. 21. On the other hand, in this circuit, Rule 41 "permits plaintiffs to dismiss only the entire controversy, not a portion of the claims." *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)). Here, Plaintiff seeks only to dismiss the claims against ARH, not the entire controversy. As such, the Court finds that Rule 21 is the proper means to that end.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiffs' Motion to Dismiss Appalachian Regional Healthcare **[R. 74]** from this action is **GRANTED**;

2. Plaintiff's claims against Defendant Appalachian Regional Healthcare are **DISMISSED without prejudice**.

3. Defendant Appalachian Regional Healthcare's Motion to Dismiss with prejudice [R. 37] is **DENIED AS MOOT**.

This the 4th day of November, 2025.

Gregory F. Van Tatenhove
United States District Judge